```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAVID LEIGH,
                    Plaintiff,
                                                              ORDER
        - v -
                                                              CV-05-4183 (NG)(VVP)
NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    Defendant.
-----------------------------------------------------------x
```

Both parties have sought the court's intervention regarding disputed requests for discovery. It is apparent from the letters submitted to the court, however, that neither of them complied with the obligation found in Local Civil Rule 37.3(a) that they attempt to discuss disputed items either in person or by telephone before seeking judicial intervention. Sending a letter is simply not enough. As neither party met this fundamental obligation, an obligation which if undertaken would likely have resolved these disputes, the court will issue no order at this time concerning the disputed discovery requests. The court will, however, make the following observations. As to the plaintiff's request for documents relating to communications about the plaintiff, the request should be read reasonably such that it would exclude most if not all of the items trotted out by the defendant in the August 1 letter responding to the plaintiff's application. That said, a conversation between counsel about the matter is necessary to insure that the reasonable interpretation of the request by one side comports with the reasonable interpretation of the request by the other. That process must be undertaken before the court will again address this issue. As to the defendant's requests, it appears that most if not all of the items sought will be produced; counsel need to confer to insure that a reasonable date certain is agreed upon for production. As to income tax returns, generally a higher showing is necessary to

obtain disclosure of returns.  Nevertheless, where a party makes a claim for lost wages, as the plaintiff does here, information concerning wages or other income earned from employment is an appropriate area of inquiry since they would provide offsets to recovery.  To the extent tax returns disclose those matters they are therefore discoverable.  Redactions are appropriate, however, to exclude items such as investment income, pension benefits, deductions, and the like which do not reflect those items of income that are proper offsets to the plaintiff's lost wage claims.

Finally, the plaintiff's failure to provide Rule 26 disclosures, despite previous court orders, a failure he does not deny, requires no further discussion between counsel.  The plaintiff is hereby ordered, once again, to provide Rule 26 disclosures in writing to the defendant within five days.  Failure to do so will result in monetary and other appropriate sanctions.

Accordingly, except for the above directive requiring the plaintiff to produce Rule 26 disclosures, the parties' requests for intervention are denied, without prejudice to renewal after they have discussed the items of dispute in person or by telephone.  Any such revived motion, however, must be made within 20 days.

    **SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
          August 11, 2006